RECEIVED
IN ALEXANDRIA, LA

JAN -4 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RUSSELL McKINNON<br>    FED. REG. #17938-075<br>VS. | CIVIL ACTION NO. 09-1159<br><br>SECTION P<br><br>JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Russell McKinnon, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on July 8, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP). He complains that he was denied due process and wrongfully convicted of prison disciplinary violations which resulted in the imposition of sanctions, including the forfeiture of good time credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

On July 24, 2008 petitioner was charged with "assaulting staff in violation of institution code 224" after he threw his food tray against a wall spattering staff with food. [rec. doc.9, p. 10] He was served with written notice of the offense and advised of his rights. He declined staff representation. He did not request witnesses. On July 31, 2008 the Disciplinary Hearing Officer (DHO) conducted a hearing and found petitioner guilty of the charged violation. In so doing, the DHO considered the reports of the corrections officers, photographs of the victim of the assault, along with petitioner's statement. At the conclusion of the hearing, the DHO imposed sanctions, including the loss of good time credits. [rec. doc. 9, pp. 12-14]

Petitioner appealed to the Regional Director and ultimately to the Central Office of the BOP on October 29, 2008. [rec doc. 9, p. 11] According to petitioner, on January 27, 2009 his appeal was rejected.[1]

On July 27, 2008 petitioner was charged with possession, manufacture, or introduction of a weapon. Petitioner was served with a copy of the Incident Report on July 25, 2008 at 8:22 a.m. [rec. doc. 9, p. 3; p. 6] He was advised of his rights on July

---

[1] Petitioner did not provide a copy of the Central Office response to his appeal.

31, 2008; he waived his right to staff representation and requested no witnesses. [rec. doc. 9, p. 6] He denied the charges, however, on August 7, 2008 the DHO considered petitioner's denial but found petitioner guilty and noted that the charging officer's version of the events in question was more credible and supported by the physical evidence. Having found the petitioner guilty of the offense, the DHO imposed sanctions including the forfeiture of good time credits. [rec. doc. 9, pp. 6-8] Petitioner's appeal to the Regional Director [rec. doc. 9, p. 4] was denied on January 30, 2009. In rejecting the appeal, the Administrator noted,

> The DHO's decision was based upon the greater weight of the evidence that is detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the written statement of the reporting officer. P.S. 5270.07 stipulates that inmates are responsible for keeping their area free of contraband. Since the contraband was found in your locked locker, you were held responsible for it. Although you dispute the charge, we concur the evidence is sufficient to support the finding. Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the decision, and the sanctions imposed were appropriate for the offense and in compliance with policy." [rec. doc. 9, p. 5]

Petitioner filed the instant petition on July 8, 2009.

## Law and Analysis

Petitioner contends that he was deprived of liberty in violation of the Fifth Amendment's due process clause. With regard to his due process claim, federal prisoners do have liberty interests in their accumulated good-time credit. See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir.2000). Therefore, since petitioner lost good time credits as a result of the complained of disciplinary proceedings, the due process analysis approved by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), governs this review of the contested disciplinary proceeding.

In Wolff, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555- 556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present

evidence, (3) written findings in support of the ruling; and (4) the requirement that upon review, "some evidence" support the ruling. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L. Ed.2d 356 (1985); Wolff, *supra*, at 556.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report, Incident Report, and Notice of Discipline Hearing with respect to the incidents he now contests. These exhibits establish that he was afforded all the process he was due. The exhibits tendered by petitioner establish beyond any doubt that he received adequate notice of the alleged violation; that he was afforded the opportunity to present evidence; and that written findings in support of the ruling were provided. Further, the DHO's findings establish that there was ample evidence of guilt.

In short, petitioner has failed to state a claim for which relief may be given. His claims are without merit and dismissal on that basis is appropriate.

## Conclusion

Considering the foregoing,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and

Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Alexandria, Louisiana, January 4, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE